FILED
Jun 05, 2024
11:57 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| TOMMIE ELLIS, | ) | Docket No.: 2023-08-2361 |
|     Employee, | ) | |
| v. | ) | |
| FEDERAL EXPRESS CORP., | ) | |
|     Employer, | ) | |
| And | ) | |
| INDEMNITY INSURANCE CO. OF | ) | State File No.: 35561-2023 |
| NORTH AMERICA, | ) | |
|     Carrier, | ) | |
| And | ) | |
| TROY HALEY, as ADMINISTRATOR of | ) | |
| the BUREAU OF WORKERS' | ) | |
| COMPENSATION, SUBSEQUENT INJURY | ) | Judge Shaterra R. Marion |
| AND VOCATIONAL RECOVERY FUND. | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Federal Express filed a Motion for Summary Judgment. The central issue is whether Mr. Ellis can present sufficient evidence to establish issues of material fact as to whether he sustained an injury within the course and scope of his employment. For the reasons below, the Court holds Mr. Ellis did not present the necessary evidence and Federal Express is entitled to summary judgment.

### Procedural History

Mr. Ellis filed a petition for benefit determination alleging he suffered a work-related injury on August 27, 2022. He later moved to amend his petition to change the date of injury to March 23, 2021, due to his error. That motion was not made until after the statute of limitations had run. Tennessee Courts have held that these amendments must be brought within the statute of limitations, so Mr. Ellis's motion to amend his petition was denied. *Energy Sav. Prods. Inc. v. Carney*, 737 S.W.2D 782 (Tenn. Ct. App. 1987).

Federal Express filed this Motion for Summary Judgment, and Mr. Ellis filed no response. The Court held a hearing on June 3, 2024, and Mr. Ellis did not attend.

## Facts

Federal Express filed a statement of undisputed material facts with citations to the record under Tennessee Rules of Civil Procedure 56.03. Because Mr. Ellis did not respond, he did not rebut any of the facts.

The unrebutted material facts are that Mr. Ellis alleged that a work injury occurred on March 23, 2021. However, he filed a petition for benefit determination that alleged the injury occurred on August 27, 2022. Further, Federal Express agreed that Mr. Ellis did not sustain an injury while working at Federal Express on August 27, 2022.

Based on these facts, Federal Express contends the Court should grant summary judgment because it negated an essential element of Mr. Ellis's claim. Specifically, it argues he does not have sufficient proof to establish that an injury occurred within the course and scope of his employment on August 27, 2022.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

As the moving party, Federal Express must either: (1) submit affirmative evidence that negates an essential element of Mr. Ellis's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If Federal Express meets this burden, Mr. Ellis must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, at 265. The essential element at issue in this case comes from Tennessee Code Annotated section 50-6-102(12), which requires proof that the injury arose primarily out of and in the course and scope of employment.

Under the unrebutted facts, Mr. Ellis did not sustain an injury on August 27, 2022, within the course and scope of his employment. As a result, the Court finds Federal Express successfully demonstrated that Mr. Ellis's evidence is insufficient to prove an injury arose primarily out of and in the course and scope of employment on the alleged date of injury, an essential element of his claim.

Thus, no genuine issue of material fact exists as to whether an injury occurred, and the Court holds Federal Express is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Federal Express's Motion for Summary Judgment is granted, and Mr. Ellis's claim is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to Federal Express under Tennessee Compilation Rules and Regulations 0800-02-21-.06, payable to the Clerk within five business days.

4. Federal Express shall prepare and submit the SD-2 with the Clerk within ten days of the date of the judgment becoming final.

   **ENTERED June 5, 2024.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on June 5, 2024.

| Name | Regular Mail | Email | Sent to |
|---|---|---|---|
| Tommie Ellis, Employee | X | | 6620 Robertson Gin Hernando, MS 38632 |
| Joseph Baker, Employer's Attorney | | X | jbaker@mckuhn.com mdoherty@mckuhn.com |
| Timothy Kellum, Subsequent Injury Fund | | X | timothy.kellum@tn.gov |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____       ☐ Motion Order filed on _____

☐ Compensation Order filed on_____       ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*